UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARDAMANDEEP KAUR BOYAL,<br><br>      Petitioner,<br><br>  v.<br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security, et al.,<br><br>      Respondents.<br>_____/ | No. 2:09-cv-03263-MCE-KJM<br><br><br><br>PRETRIAL SCHEDULING ORDER |

    After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

    I.    <u>SERVICE OF PROCESS</u>

    All named Respondents have been served and no further service is permitted without leave of court, good cause having been shown.

    II.   <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

    No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

///

///

1

1   III. JURISDICTION/VENUE

2   Jurisdiction is predicated upon 28 U.S.C. sections 1331 and
3   1361 and 5 U.S.C. section 701 et seq.  Jurisdiction and venue are
4   not contested.

5   IV. DISCOVERY

6   In agreeing that no need for additional discovery is
7   indicated at this time, the parties appear to concede that
8   judicial review of agency decisions is limited to the
9   administrative record, unless a need to expand that record is
10  demonstrated by the parties.  See Southwest Center for Biological
11  Diversity v. U.S., 100 F.3d 1443, 1450 (9th Cir. 1996); see also
12  5 U.S.C. § 706.  Consequently, the Court's review will be limited
13  to the administrative record unless good cause is found for
14  augmentation of that record.  Respondents shall provide
15  Petitioner a copy of the entire administrative record within **60**
16  days of the date of this Pretrial Scheduling Order.  The filing
17  of the written administrative record shall be filed not later
18  than **July 14, 2010.**

19  V.  MOTION HEARING SCHEDULE

20  The Petitioner's dispositive motion shall be filed by
21  **July 8, 2010.**  Respondents' opposition and cross-motion shall be
22  filed by **July 29, 2010.**  Petitioner's reply and opposition shall
23  be filed by **August 12, 2010.**  Respondents' reply shall be filed
24  by **August 26, 2010.**  Hearing on such motions shall be on
25  **September 2, 2010,** at **2:00 p.m.**  The opposition and reply must be
26  filed by **4:00 p.m.** on the day due.
27  ///
28  ///

2

The time deadline for disposition motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

All purely legal issues are to be resolved by timely pretrial motions.  Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.  Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

The parties are reminded that a motion <u>in limine</u> is a pretrial procedural device designed to address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions <u>in limine</u>.

---

[1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

3

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **November 18, 2010** at **2:00 p.m.**  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **October 27, 2010**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

///

4

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word or WordPerfect, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.

5

1   After the name of each witness, each party shall provide a brief
2   statement of the nature of the testimony to be proffered.  The
3   parties may file a joint list or each party may file separate
4   lists.  These list(s) shall not be contained in the body of the
5   Joint Final Pretrial Conference Statement itself, but shall be
6   attached as separate documents to be used as addenda to the Final
7   Pretrial Order.
8       Petitioner's exhibits shall be listed numerically.
9   Respondents' exhibits shall be listed alphabetically.  The
10  parties shall use the standard exhibit stickers provided by the
11  Court Clerk's Office: pink for petitioner and blue for
12  respondent.  In the event that the alphabet is exhausted, the
13  exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three
14  letters, note the number of letters in parenthesis (i.e.,
15  "AAAA(4)") to reduce confusion at trial.  All multi-page exhibits
16  shall be stapled or otherwise fastened together and each page
17  within the exhibit shall be numbered.  All photographs shall be
18  marked individually.  The list of exhibits shall not include
19  excerpts of depositions, which may be used to impeach witnesses.
20  In the event that Petitioner and Respondents offer the same
21  exhibit during trial, that exhibit shall be referred to by the
22  designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions
23  the parties to pay attention to this detail so that all concerned
24  will not be confused by one exhibit being identified with both a
25  number and a letter.
26  ///
27  ///
28  ///

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

VII.  <u>TRIAL BRIEFS</u>

The parties shall file trial briefs not later than **November 3, 2010** by **4:00 p.m.**  Counsel are directed to Local Rule 285 regarding the content of trial briefs.

///
///
///
///
///

7

1    VIII.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

2    Any evidentiary or procedural motions are to be filed by
3 **October 27, 2010.**  Oppositions must be filed by **November 3, 2010**
4 and any reply must be filed by **November 10, 2010.**  The motions
5 will be heard by the Court at the same time as the Final Pretrial
6 Conference.

7    IX.   TRIAL SETTING

8    The trial is set for **January 14, 2011** at **9:00 a.m.**  Trial
9 will be a **one (1) day** bench trial.

10   X.   SETTLEMENT CONFERENCE

11   At the Final Pretrial Conference, the Court may set a
12 settlement conference if the parties so request.  In the event no
13 settlement conference is requested, the parties are free to
14 continue to mediate or attempt to settle the case with the
15 understanding that the trial date is a firm date.

16   In the event a settlement conference is set by the Court,
17 counsel are instructed to have a principal with full settlement
18 authority present at the Settlement Conference or to be fully
19 authorized to settle the matter on any terms.  At least seven (7)
20 calendar days before the settlement conference, counsel for each
21 party shall submit to the chambers of the settlement judge a
22 confidential Settlement Conference Statement.  Such statements
23 are neither to be filed with the Clerk nor served on opposing
24 counsel.  Each party, however, shall serve notice on all other
25 parties that the statement has been submitted.  If the settlement
26 judge is not the trial judge, the Settlement Conference Statement
27 shall not be disclosed to the trial judge.
28 ///

Notwithstanding the foregoing, the parties may request a settlement conference prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of the case. In the event an early settlement conference date is requested, the parties shall file said request jointly, in writing. The request must state whether the parties waive disqualification, pursuant to Local Rule 270(b), before a settlement judge can be assigned to the case. Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

### XI. VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

### XII. MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**. Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

///
///
///

XIII. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) *court* days of service of this Order.

IT IS SO ORDERED.

Dated: May 11, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

10